888

E. T. Miller and J. S. Belt, both of Amarillo, Tex., for appellants.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

*Rehearing denied Jan. 11, 1935.

BRYAN, Circuit Judge.

Appellants Belt and Kelly were indicted and convicted of using the mails for the purpose of executing a scheme to defraud by means of false and fraudulent pretenses and representations, in violation of 18 USCA § 338. The scheme alleged in the indictment was to induce divers persons throughout the United States to subscribe and pay for shares or units at $10 each in an association to be formed with a capital of $2,000,000 for the purpose of manufacturing and marketing helium gas and solid carbon dioxide or dry ice. Among the representations alleged to be false and fraudulent were that manufacturing plants would be built and paid for out of the funds raised by the sale of shares or units which would produce daily 50,000 tons of helium gas and 600 tons of dry ice, and that these manufactured products could be sold at an enormous profit to those taking shares in the enterprise. The indictment was in seven counts. The scheme and the means of carrying it out were set out in detail in the first count and adopted by reference in all the others; the only material difference between the counts being that a different letter, alleged to have been mailed to persons to be defrauded, was set out in each. An attorney, acting under an appointment in writing signed by the Attorney General, which authorized him to appear before the grand jury and to assist in the trial of this particular case, was present in the grand jury room while the grand jury was considering whether it would return a true bill. Prior to his appearance before the grand jury, he took the oath required of a special assistant to the Attorney General, but failed to file that oath or appointment with the clerk of the district court.

The evidence was such as to authorize the jury to find that Belt and Kelly were acting in concert; that they entered into an arrangement whereby Kelly was to solicit the sales of the shares or units, and the money realized therefrom, instead of being used to build plants or to manufacture helium gas or dry ice, was to be divided in the proportions of 65 per cent. to Belt and the balance to Kelly, and appropriated to their own use; that they made the representations alleged in the indictment, and did so, not in good faith, but fraudulently and with knowledge that those representations were false. It was quite conclusively established that Kelly signed and caused several of the indictment letters to be mailed at Amarillo, Tex., as alleged. Under his direction they were prepared for mailing by his office assistant,

and, with the postmark of the Amarillo post office upon the stamped envelopes containing them, were received through the mails by the persons to whom they were addressed. Appellants were convicted on all seven counts; but the sentence was general and does not exceed that which could lawfully be imposed for a single offense.

In support of their assignments of error, appellants contend that the trial court erred (1) in overruling their plea in abatement, which was based on the failure of the special assistant to the Attorney General to file with the clerk his appointment and oath of office prior to his appearance before the grand jury; (2) in overruling their demurrer to the indictment on the general grounds that the indictment, in its allegations of the several representations complained of as being false and fraudulent, was vague, indefinite, and duplicitous, and upon the special ground that the first count alleging that a circular letter and other documents therein referred to were not set out in hæc verba; and (3) in denying their motion for a directed verdict, the principal grounds of the motion being a misjoinder of parties and failure to prove the mailing of the letters set out in the indictment.

In our opinion, none of these contentions is sustained. The special assistant was acting under a valid appointment in writing. 5 USCA § 310. It was not rendered invalid by the failure to file or record it. The record of it could at best have been but secondary evidence of its existence.

The indictment charged in clear and unmistakable terms a number of representations which it alleged were false and fraudulent; there was nothing vague or indefinite about it. Nor was it bad for duplicity. Only a single scheme was alleged, and in such a case an indictment is good which charges that the scheme was to be consummated by means of several false and fraudulent representations. It is no objection that the indictment charges more of such representations than are proven at the trial, if what is well alleged constitutes an offense. Popham v. United States (C. C. A.) 11 F.(2d) 966; Sasser v. United States (C. C. A.) 29 F.(2d) 76. It is unnecessary to consider the demurrer as applied to the first count, since the sentence imposed upon the general verdict may be referred to any good count.

The contention in support of the motion for the peremptory instruction, on the ground that appellants were not shown to have been acting in concert, cannot be sustained in the face of evidence to the effect that both were engaged in carrying out the same scheme, shared in and divided up between them the money received in execution of it. The other ground of the motion for an instructed verdict is equally without merit. It may be assumed that Belt did not sign or cause to be mailed any of the letters set out in the indictment; but, since he was a party to the scheme and to the false representations, it is immaterial that all the letters designed to promote that scheme were signed and mailed by Kelly. A partnership in crime being established against both appellants, the acts of Kelly in furtherance of the common criminal enterprise were in law the acts of Belt also. Davis v. United States (C. C. A.) 12 F.(2d) 253; Sasser v. United States, supra.

The judgments are affirmed.

Circuit Court of Appeals, First Circuit.
Dec. 1, 1934.