## PATTERSON v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
April 1, 1929.

No. 5609.

Edward H. Chavelle, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant was convicted under five counts of an indictment, one of which charged him with the unlawful possession of intoxicating liquor, and the others charged him with prior convictions of similar offenses. There was evidence on the trial that two United States marshals went to a certain apartment house in the city of Seattle, and, on being informed by the landlady that the appellant lived

there, they requested her to show them his room; that she took them to a room and unlocked it, and the witnesses on entering it found five one-gallon bottles of intoxicating liquor, some personal effects, and a suitcase, the latter containing letters addressed to the appellant; that soon thereafter the officers arrested the appellant as he came into the house; and that, when he was arrested, he admitted that the suitcase was his own and that bath robes and effects in the room were his. The appellant testified that the room in which the liquor and suitcase were found was not his room, that the liquor was not his, and that the room was occupied by his brother, William Patterson. William Patterson testified that the room was occupied by him, and that, although the suitcase belonged to the appellant, the appellant did not occupy the room. He testified further that the liquor was his, and that he had it for his own use.

■ During the course of the trial, a motion was made on behalf of the appellant to suppress the evidence of possession of the liquor on the ground that it was wrongfully and unlawfully obtained and in violation of the constitutional rights of the appellant. No prior motion having been made for the suppression of the evidence, under the settled rule the motion was made too late to avail the appellant; he having had knowledge of the seizure at the time when it was made, MacDaniel v. United States (C. C. A.) 294 F. 769; Cardenti v. United States (C. C. A.) 24 F.(2d) 783; Souza v. United States (C. C. A.) 5 F.(2d) 9; and in any view the appellant's denial of ownership of the liquor precluded him from claiming that it was seized in violation of constitutional rights. Cantrell v. United States (C. C. A.) 15 F.(2d) 953; Rosenberg v. United States (C. C. A.) 15 F.(2d) 179; Armstrong v. United States (C. C. A.) 16 F.(2d) 62.

■ It is assigned as error that the court below overruled the appellant's motion for a directed verdict of acquittal, made, it is said, "at the close of the entire case," on the ground of the insufficiency of the evidence to sustain the indictment. But the record shows that, while such a motion was made at the close of the testimony for the prosecution, there was no renewal of the motion at the close of the testimony in the case. Nor are we convinced that there was insufficiency of evidence to sustain the indictment. It is true that the appellant testified that the liquor was not his and that his brother testified assuming the ownership of it, but the jury were not bound to believe the testimony of either, and they might properly convict the appellant upon proof of the fact that the liquor was found in the room which the landlady pointed out as the room occupied by him, and was found in company there with his personal effects and his suitcase and letters addressed to him, and the fact that, when he entered the apartment house just prior to his arrest, the landlady identified him as the occupant of the room, and that after his arrest he escaped and became a fugitive from justice.

■ It is contended that it was error to compel the appellant to testify upon cross-examination that after his arrest he had escaped and had since been a fugitive from justice. No assignment of error is based upon the admission of that testimony, nor are we able to discover error in any ruling of the court in regard to the same. It has always been held competent to show on the trial of a criminal case that the accused escaped after arrest and became a fugitive from justice. Alberty v. United States, 162 U. S. 499, 509, 16 S. Ct. 864, 40 L. Ed. 1051; Stewart v. United States (C. C. A.) 211 F. 41.

The judgment is affirmed.