**BELT v. ZERBST, Warden.** *

**No. 1358.**

Circuit Court of Appeals, Tenth Circuit.

Feb. 21, 1936.

J. S. Belt, in pro. per.

Summerfield S. Alexander, U. S. Atty., and D. C. Hill, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Belt and one Kelly were tried, convicted and sentenced in the District Court of the United States, for the Northern District of Texas on an indictment charging violations of 18 U.S.C.A. § 338. On appeal the judgment was affirmed. See Belt v. U. S. (C.C.A.5) 73 F.(2d) 888, 889.

Belt filed an application for a writ of habeas corpus alleging that the Court of

Appeals found that Kelly signed and placed in the Post Office, each of the letters mailed for the purpose of executing the scheme to defraud.

The trial court sustained a motion to dismiss the application and Belt has appealed. He contends that the use of the mails is the gist of the offense, and since he did not personally sign and mail any of the letters to execute the scheme to defraud, he is unlawfully imprisoned.

 In Belt v. U. S., supra, the court said:

"The contention in support of the motion for the peremptory instruction, on the ground that appellants were not shown to have been acting in concert, cannot be sustained in the face of evidence to the effect that both were engaged in carrying out the same scheme, shared in and divided up between them the money received in execution of it. The other ground of the motion for an instructed verdict is equally without merit. It may be assumed that Belt did not sign or cause to be mailed any of the letters set out in the indictment; but, since he was a party to the scheme and to the false representations, it is immaterial that all the letters designed to promote that scheme were signed and mailed by Kelly. A partnership in crime being established against both appellants, the acts of Kelly in furtherance of the common criminal enterprise were in law the acts of Belt also. Davis v. United States (C.C.A.) 12 F.(2d) 253."

We agree with the conclusion reached by the Fifth Circuit; but if we did not, the result would be the same. Where one seeks discharge from confinement after conviction for an offense upon an application for a writ of habeas corpus, the only questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. Cardigan v. Biddle (C.C.A.8) 10 F.(2d) 444, 447; McIntosh v. White (C.C.A.8) 21 F.(2d) 934, 935; Schultz v. Zerbst (C.C.A.10) 73 F.(2d) 668. A habeas corpus proceeding cannot be employed as a substitute for writ of error or appeal. McIntosh v. White, supra; Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; In re Gregory, 219 U.S. 210, 213, 31 S.Ct. 143, 55 L.Ed. 184.

The judgment is affirmed.