### NORTON v. ZERBST, Warden.
### No. 1406.

Circuit Court of Appeals, Tenth Circuit.
May 5, 1936.
Rehearing Denied June 5, 1936.

James Norton, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

This is an appeal from an order sustaining a motion to dismiss a petition for a writ of habeas corpus. Petitioner was indicted on two counts. The first charged that he robbed James Adams, clerk in charge of a postal substation of property belonging to the United States, to wit, $122.72 of postal funds, $431.99 of money order funds, and 200 postal money order forms. He was convicted and sentenced to five years in the penitentiary on this count, which he has served.

The second count charges that on the same day petitioner "did unlawfully, wilfully, feloniously and knowingly assault one James Adams, clerk in charge of Postal sub-station No. 34 of the Detroit, Michigan Postoffice, located at 4349 Hamilton Avenue, Detroit, Michigan, a person having lawful charge, control and custody of certain mail matter, with intent on the part of said defendants James Norton, alias Herbert Cherry and James Baker to rob, steal and purloin such mail matter or any part thereof.

"And the said James Norton, alias Herbert Cherry and James Baker did rob the said James Adams, Clerk in charge of said Postal sub-station of certain mail matter, to-wit: One Hundred and twenty-two dollars and seventy-two cents ($122.72) in postal funds and four hundred and thirty-one dollars and ninety-nine cents ($431.-99) in money order funds and two hundred postal money order forms, numbers 145201 to 145400 inclusive.

"And the Grand Jurors aforesaid, upon their like oaths do further present: That in effecting and attempting to effect said robbery above described the said defendants James Norton, alias Herbert Cherry and James Baker did put the life of the said James Adams in jeopardy by the use of a dangerous weapon, to-wit; a revolver."

There was a conviction also upon this count, and a sentence of twenty-five years imposed which petitioner is now serving and from which he seeks release by the writ applied for.

■ It seems necessary again to say that in habeas corpus proceedings we are concerned only with whether petitioner was convicted in a court having jurisdiction over the offense and the defendant, and whether the sentence imposed was authorized by the statute. Belt v. Zerbst (C.C.A. 10) 82 F.(2d) 18, and cases therein cited. The petition and briefs set out what purports to be a copy of the contract establishing this particular substation; it is alleged that there was no mail receptacle in this substation and none closer than a box on the corner; that petitioner did not rob the station of anything except money and blank forms, and inferentially denies he° had any intention to steal mail matter when he assaulted the clerk. Petitioner's entire argument is bottomed upon the assumption that the evidence at the trial disclosed that the clerk was not in charge of "mail matter"; that petitioner did not rob him of "mail matter" and did not intend so to do. We know nothing of the evidence at the trial, and it would make no difference if we did, for the sufficiency of the proof to sustain the charge cannot be tested on habeas corpus.

The two counts state different offenses under different statutes. Section 46 of the Criminal Code, 18 U.S.C.A. § 99, provides that "Whoever shall rob another of any kind or description of personal property belonging to the United States, or shall feloniously take and carry away the same, shall be fined not more than $5,000, or imprisoned not more than ten years, or both."

Section 197, Cr.Code, 18 U.S.C.A. § 320, provides:

"Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

■ That these two sections define distinct offenses cannot be doubted. Each offense requires proof of facts which the other does not. Chrysler v. Zerbst (C.C.A.10) 81 F.(2d) 975. In a prosecution under section 46, it must be proven that the property stolen belonged to the United States, but no assault need be alleged or proven. In a prosecution for the first crime defined in section 197, an assault upon a custodian of the mails with intent to rob him of mail matter must be alleged or proven, but robbery is not an ingredient. In a prosecution for the second crime defined in that section there must be a robbery of mail matter—which may not be property of the United States—from a custodian of the mails. The two counts therefore do not charge the same offense.

Section 197 carries a mandatory sentence of twenty-five years, the one imposed, if the mail custodian is wounded in the robbery, or his life put in jeopardy by a dangerous weapon. We are concerned therefore with the simple question of

whether the second count states an offense prohibited by section 197. Two separate offenses are defined by the section: (1) Assault upon a custodian of mail matter with intent to steal such mail matter; (2) robbery of such mail matter from such custodian.

■■ The first offense is complete when one assaults a mail custodian with intent to rob the mail. If a bandit, with intent to steal registered mail sacks, shoots a mail clerk, the offense is complete, even though officers intervene before the robbery is accomplished. The indictment charges this offense in specific terms. It charges that petitioner feloniously assaulted Adams "a person having lawful charge and control of certain mail matter, with intent * * * to rob, steal and purloin such mail matter." Whether the proof disclosed that Adams had charge of mail matter, and that petitioner, intending to rob him of such, assaulted him, is not before us. On habeas corpus the conclusive presumption is the proof sustained the charge. We cannot indulge the assumption that Adams had nothing else in his custody except the property petitioner succeeded in stealing, nor that petitioner had no intention of stealing mail matter when he robbed this post office.

The indictment also alleges the second offense defined in section 197. Money is often in envelopes, or in money pouches, in the hands of the postal department for transmission, and if it is, it is mail matter. What the proof disclosed, we do not know; nor are we concerned.

A sentence of twenty-five years is required if the custodian is (1) wounded, or (2) his life put in jeopardy by a dangerous weapon, or (3) it is a subsequent offense. The indictment alleges the second of these alternatives in terms.

The petition is founded upon the hypotheses that Adams did not have charge of any mail matter as alleged in the indictment, but only of certain government property; that petitioner, knowing this, did not intend to rob him of mail matter, as alleged; that the money and forms were not in the mails and therefore not "mail matter," as alleged. That is, although the indictment alleges facts which the statute makes a crime, we are asked to presume that the proof did not disclose them. This we cannot do.

The order is affirmed.