**THOUVENELL v. ZERBST, Warden.**

**No. 1401.**

Circuit Court of Appeals, Tenth Circuit.

May 20, 1936.

Robert H. Nelson, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from an order dismissing a petition for a writ of habeas corpus. An indictment containing two counts was returned against petitioner in the United States court for the Northern District of Oklahoma in June, 1932. The first count charged that on or about February 9th preceding he unlawfully, willfully, knowingly, and feloniously transported one Virgie Talley in interstate commerce for immoral purposes; and the second charged that on or about February 8th he transported one Verena Landreth in like commerce and for like purposes. 18 U.S.C.A. § 398. A jury found him guilty on both counts and he was sentenced to serve five years on the first and two years on the second, with provision that the sentences should run consecutively. He is now confined in the penitentiary at Leavenworth, Kan., and seeks his release. It is alleged in the petition that petitioner and Verena Landreth were united in marriage on February 10, 1932; that thereafter she was

coerced by persons unknown into making damaging statements against petitioner which resulted in his apprehension, conviction, and present confinement; that she gave testimony before the grand jury which rendered the indictment illegal; and that over his objection she testified against him on the trial which rendered the conviction and sentence illegal.

 The single question argued for reversal is that the wife of petitioner was not a competent witness to give testimony against him before the grand jury and on the trial. We determined quite recently that a divorced wife was a competent witness to give testimony against her former husband concerning matters which occurred prior to the decree of divorce; and it was stated in that connection that her divorced status might present a distinction, but we preferred to rest the decision on the basic question of a wife's competency when called to testify against her husband in a criminal case. Yoder v. United States (C.C.A.) 80 F.(2d) 665. The contention advanced here counters with that case. Furthermore, the question cannot be considered in a proceeding of this kind. It is settled by repeated adjudications that ordinarily the only questions which may be presented on an application for habeas corpus to obtain discharge from imprisonment after conviction are whether the court which imposed the sentence had jurisdiction of the offense and of the defendant and whether the sentence was authorized by law. The writ cannot be used for the correction of errors occurring in the case. Appeal is the procedure for that purpose. Tinkoff v. Zerbst (C.C.A.) 80 F.(2d) 464; Belt v. Zerbst (C.C.A.) 82 F.(2d) 18; Norton v. Zerbst (C.C.A.) 83 F.(2d) 677. The asserted incompetency of the wife to testify before the grand jury and on the trial was a matter exclusively for presentation and determination in that case. Neither that question nor the effect of the testimony can be reviewed on an application for a writ of habeas corpus.

The order of dismissal is affirmed.