### WEEKS v. ZERBST, Warden.
### No. 1427.

Circuit Court of Appeals, Tenth Circuit.
Oct. 14, 1936.

Samuel D. Menin, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

PER CURIAM.

This appeal presents for review the denial of a petition for a writ of habeas corpus.

Petitioner and Eunice Salyer were indicted on two counts in the United States Court for the Southern District of Texas. The first count charged a conspiracy to smuggle intoxicating liquors into the United States without invoicing and declaring them; and to receive, possess, and conceal liquors on which the tax had not been paid with intent to defraud the government of the revenue thereon. The second count charged that on or about the 19th day of March, 1934, they unlawfully, fraudulently, and knowingly received, transported, concealed, and facilitated the transportation and concealment of five gallons of Mexican alcohol which had recently been unlawfully imported without being declared to the customs officers and without payment of the duty thereon. Petitioner was found guilty on both counts, and on March 25, 1934, he was sentenced to serve two years and to pay a fine of $500 on each count, with provision that the sentences should run consecutively.

The petition challenges the sentence imposed under the second count. The essence of the attack is that on March 19, 1934, for some time prior thereto, and until the date of his commitment, petitioner was incarcerated in the county jail at Corpus Christi, Tex.; that for such reason, he could not have committed the offense laid in that count; that he was not represented by counsel at the trial and was ignorant respecting the meaning of the two counts; and that he was not permitted to introduce documentary evidence to show that he was a prisoner and, therefore, could not have participated in the alleged offense. A verified certificate of the jailer was attached to the petition. It recites that according to the record petitioner was placed in jail on February 2, 1934; that he was transferred to Brownsville on May 13th; that he was returned from Brownsville on May 27th; that he was transferred to Leavenworth on June 5th; and that he was confined in the jail 53 days.

The petition is barren of merit for two separate reasons. Time is not an element of the crime laid in the second count. It, therefore, was not necessary to establish at the trial that the offense was committed on March 19th. Proof establishing its commission on any other date prior to the return of the indictment and within the period of limitation was sufficient. Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; Cornett v. United States (C.C.A.) 7 F.(2d) 531.

Next, "ordinarily the only questions which may be presented on an application for habeas corpus to obtain discharge from imprisonment after conviction are whether the court which imposed the sentence had jurisdiction of the offense and of the defendant and whether the sentence was authorized by law. The writ cannot be used for the correction of errors occurring in the case. Appeal is the procedure for that purpose." Thouvenell v. Zerbst (C.C.A.) 83 F.(2d) 1003, 1004, and cases there cited. Neither lack of jurisdiction of the subject-matter of the crime and of the person of defendant, nor that the sentence was one unauthorized by law, is suggested.

The order dismissing the petition is affirmed.