## ZAHN v. HUDSPETH, Warden.

### No. 1811.

Circuit Court of Appeals, Tenth Circuit.

March 23, 1939.

Bernard Peterson, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. On October 15, 1937, while petitioner was serving a term in the federal penitentiary at Leavenworth, Kansas, an indictment was returned against him in the United States Court for the Northern District of Oklahoma, charging a violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. In February, 1938, he wrote the United States attorney making inquiry as to the nature of the indictment and the probable time of trial. On being advised that the charge was the unlawful transportation of a stolen automobile in interstate commerce and that he doubtless would be tried after the termination of the term then being served, he wrote again requesting that the case be set for trial at the forthcoming term of court and that an order for his removal be issued as soon as possible. He was found guilty, and sentenced to serve a term of five years in the penitentiary; and he is being detained by commitment duly issued under such sentence.

The validity of the judgment and sentence is attacked. The principle ground of attack is that petitioner was denied the

assistance of counsel at the trial. It is alleged in the petition that he was taken from the penitentiary to the federal-city jail in Tulsa, Oklahoma, five days in advance of the trial; that he sought to communicate with the judge and the United States attorney for the purpose of requesting the appointment of counsel to represent him at the trial, but that the authorities at the jail denied and prevented him from establishing the contact and making the request; that the trial started immediately upon his arrival in court; that the indictment was read, and he entered a plea of not guilty; that thereupon the court inquired whether he had counsel, to which he replied that he had just been removed from the penitentiary to the jail, that he had no funds with which to employ counsel, that no attorney in Tulsa had knowledge of the case, and that in the circumstances he would have to represent himself; and that he did so.

■ Ordinarily the only questions open to review in a proceeding in habeas corpus to obtain release from confinement after conviction for a penal offense are whether the court which imposed the sentence had jurisdiction of the offense and of the person of the defendant, and whether the sentence pronounced was one authorized by law. Belt v. Zerbst, 10 Cir., 82 F.2d 18; Norton v. Zerbst, 10 Cir., 83 F.2d 677; Weeks v. Zerbst, 10 Cir., 85 F.2d 996.

■ The Sixth Amendment to the Constitution of the United States, expressly guarantees one charged with a crime the right to have counsel in his defense, and it is now settled law that the invalidity of a judgment and sentence for the wrongful refusal of the benefit of counsel may be raised on habeas corpus. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461. But a defendant may waive the right, provided it is waived intelligently, understandingly, and in a competent manner; and the duty rests upon the trial court to determine whether it is waived in that manner. Johnson v. Zerbst, supra.

At the hearing in this proceeding, a certified copy of the judgment in the criminal case and certain affidavits were introduced in evidence without objection. The assistant jailer in Tulsa stated in his affidavit that he and other jailers had specific instructions to contact federal authorities when requested by a federal prisoner; that it was the practice of jailers, in the event a prisoner made such a request and the jailer on duty was unable to accommodate him during his period of duty, to leave a note for the jailer on the next duty to arrange for the contact; that so far as he knew the instructions were never violated; that he did not deny petitioner the right to communicate with federal authorities and that petitioner did not complain to him of anything while confined in the jail. A deputy United States marshal stated in his affidavit that he conveyed petitioner from the jail to the court on the morning of the trial; and that petitioner did not complain to him of being unable to contact federal authorities. The marshal stated in his affidavit that he did not discuss the case with petitioner; that petitioner did not complain to him of inability to contact federal authorities; and that the records failed to indicate that he attempted to make contact and was denied the privilege of doing so. The judgment expressly recites in clear language that petitioner—defendant there—appeared in person; that he was asked whether he desired counsel assigned by the court; and that he replied in the negative. But that is not all. The judge who presided at the trial, the United States attorney, and the assistant United States attorney stated in their respective affidavits that at the time the plea of not guilty was entered, the court inquired whether petitioner had counsel; that he replied he did not; that the court then asked whether he desired counsel, to which he replied in the negative and stated that he desired to represent himself; that despite his statement, the court appointed an attorney of several years experience to represent him; that the attorney sat at the counsel table beside petitioner, participated in the trial so far as petitioner would permit, and was present at all times during the course of the trial; that petitioner cross examined witnesses; that at the conclusion of the evidence submitted by the government, he announced a desire that certain persons be subpoenaed to testify as witnesses in his defense; and that the court was thereupon adjourned for such purpose, the persons procured, and their testimony received. But that is not all. It is stated in the affidavit of the attorney appointed that immediately after his appointment he took his seat at the counsel table beside petitioner; that he offered counsel and advice, and participated in the trial insofar as petitioner would

permit; that petitioner refused to permit him to take a leading role in the defense and declined to take advice or counsel from him; that petitioner stated he had had considerable experience in the trial of government cases; that he was capable of handling his own defense and that he desired to handle it himself because there were some persons he wanted to show up in the trial; that at one time the attorney advised petitioner that in his opinion the course petitioner was pursuing in his defense would result in conviction, to which petitioner replied that he would take a chance; that despite the attitude of petitioner, the attorney remained at his side ready and willing to render such assistance as he might be permitted to render in the defense of the case; and that in his opinion all the facts and circumstances having any bearing upon the issues involved were presented to the jury. The recitation of waiver in the judgment and the several affidavits thus offered in evidence were met only with the verified petition for the writ. Nothing else was submitted or suggested in the way of record evidence or testimony to substantiate the allegation of fact that there was a denial of the benefit of counsel.

The judgment bears the presumption of validity and regularity, and it cannot be lightly set aside. The burden rested upon petitioner to show that it was invalid. Johnson v. Zerbst, supra. Instead of being denied the benefit of counsel, petitioner intelligently and understandingly waived the right; and despite the waiver, counsel was appointed and rendered all the assistance he would permit. Thus his constitutional rights were not invaded; they were protected in every way available to the court.

It is further alleged in the petition that petitioner applied to the United States attorney for permission to have three witnesses subpoenaed for his defense, to which the attorney replied that it was too late. The allegation will be treated as sufficient in substance to charge the denial of process for the obtaining of witnesses. The Sixth Amendment guarantees a defendant in a criminal case the right of process to compel the attendance of persons to testify in his favor. Conceding, without deciding, that the question may be raised on habeas corpus, again the burden rested on petitioner to show that his constitutional right was invaded by the denial of process. See Johnson v. Zerbst, supra. The United States attorney stated in his affidavit that no request of that kind was made to him; that he did not deny such a request; and that he never stated it was too late to have witnesses subpoenaed. In addition, the judge and attorney each stated separately in their respective affidavits that during the trial petitioner announced a desire to have certain witnesses; that the request was met by the production of the persons; and that they testified. Again, petitioner failed to discharge the burden.

Petitioner complains that he was not permitted to attend the hearing on the petition for the writ. A court has power in a case of this kind to make a preliminary determination in respect to the propriety of issuing the writ, and the presence of the petitioner at such inquiry is not necessary. It clearly appears here that had the petitioner been present and testified to every fact pleaded in the petition he would have been remanded to the custody of respondent for failure to carry the burden of proof cast upon him. It was not error for the court to act in his absence. Murdock v. Pollock, 8 Cir., 229 F. 392; Christianson v. Zerbst, 10 Cir., 89 F.2d 40.

The denial of a petition for rehearing is assailed. It was prayed in such petition that subpoenaes ad testificandum issue for the judge, the United States attorney, the assistant attorney, the marshal, two deputies marshal, the assistant jailer, a special agent for the United States Bureau of Identification, the attorney appointed to assist petitioner at the trial, one Crider at Leavenworth, and petitioner. It was not shown that petitioner would testify to any facts beyond those pleaded in his verified petition for the writ; it was not shown that the judge, the United States attorney, the assistant attorney, the marshal, the deputy marshal, the assistant jailer, or the attorney appointed to represent petitioner, would testify to any other or different facts than those detailed in their respective affidavits; and no showing was made in respect to the facts to which it was expected the agent for the Bureau of Identification or Crider would testify. A motion for rehearing is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed on appeal unless there was an abuse of such discretion. Najera v. Bombardieri, 10 Cir., 46 F.2d 281; Clarke v.

Chicago, B. & Q. R. Co., 10 Cir., 62 F.2d 440; Detroit Fire & Marine Ins. Co. v. Oklahoma Terminal Elevator Co., 10 Cir., 64 F.2d 671; Emporia Loan & Investment Co. v. Rees, 10 Cir., 66 F.2d 225; United States v. Flippence, 10 Cir., 72 F. 2d 611; Century Indemnity Co. v. Shakespeare, 10 Cir., 74 F.2d 392. No abuse of discretion is shown here.

The order denying the petition for the writ is affirmed.