## REGER v. HUDSPETH, Warden.

### No. 1827.

Circuit Court of Appeals, Tenth Circuit.

May 4, 1939.

C. M. Stokes, of Leavenworth, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

The appeal in this case brings under review an order denying a petition for a writ of habeas corpus. Fred Reger, hereinafter called petitioner, and Ross Clyde Canino were indicted in the United States court for Colorado. The indictment contained fifteen counts, numbered one to fourteen, inclusive, and sixteen. There was no count numbered fifteen. The odd numbered counts each charged the possession of a counterfeit coin in the resemblance and similitude of a genuine one-dollar silver coin, and the even numbered counts each charged the uttering and passing of such a coin. The journal entry of the court recited that the jury returned a verdict finding petitioner and his codefendant guilty on counts one to sixteen, inclusive. On November 13, 1936, petitioner was sentenced to imprisonment in the penitentiary for one year and one day on each of counts one, three, five, seven, nine, eleven, thirteen, and fifteen, with provision that such sentences run consecutively, and to pay a fine of $100 on each of such counts; and he was further sentenced to imprisonment in the penitentiary for one year and one day on each of the even numbered counts "to run consecutively and concurrently with the judgment on counts one, three, five, seven, nine, eleven, thirteen, and fifteen," and to pay a fine of $100 on each of such counts.

The first attack directed against the judgment is that petitioner was sentenced on count numbered fifteen while the indictment did not contain such a count. The function of a judicial proceeding in habeas corpus is to inquire into the question of the legality of the detention. A prisoner has no right to the writ unless he is entitled to immediate release. There is no warrant for the issuance of the writ where a part of a judgment is void but the prisoner has not finished serving that part which is valid. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. It is wholly unnecessary to determine whether that part of the judgment purporting to impose a sentence on count fifteen is void. Conceding without deciding that it is invalid, petitioner has not finished serving the sentence imposed under other counts. He is not entitled to be discharged now. He is not entitled to the writ while being lawfully detained under the sentence on other counts. McNally v. Hill, supra.

The judgment is challenged on the further ground that the indictment charged one continuous act which constituted a single offense, for which only one sentence could be imposed. Section 163 of the Criminal Code, 18 U.S.C.A. § 277, provides, among other things, that any person who has in his possession a false, forged, or counterfeit coin in resemblance or similitude of the silver coins of the United States, or who passes, utters, or publishes such a coin knowing it to be false, forged, or counterfeit, with the intent to defraud, shall be fined not more than $5,000 and imprisoned not more than ten years. The statute makes the possession of such a coin one offense, and the passing or uttering of it another. The two are not one continuous offense. They are separate and distinct, each complete within itself. See Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; United States ex rel. Simkoff v. Mulligan, 2 Cir., 67 F.2d 321. And the power of Congress to provide that each shall constitute a separate and distinct crime quite apart from the other is not open to doubt. Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Albrecht v. United States, supra; Blockburger v. United States, supra; Casebeer v. United States, 10 Cir., 87 F.2d 668.

It is well settled that the test to be applied in determining the question of identity of offenses laid in two or more counts of an indictment is whether each requires proof of a fact which is not required by the others. Curtis v. United States, 10 Cir., 67 F.2d 943; Schultz v. Zerbst, 10 Cir., 73 F.2d 668; Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Norton v. Zerbst, 10 Cir., 83 F.2d 677. Here proof of mere possession of the described coin at one place in Colorado would have been sufficient to support a conviction under the count charging possession without reference to passing and uttering it, while proof of passing and uttering it at another place would have sufficed for a conviction under the count charging passing and uttering without reference to possession at the first place. To illustrate, let it be assumed that

petitioner and his associate had a coin in their possession at a hotel in the City of Denver, and that they took it from there to a shop and there passed and uttered it. Proof of mere possession at the hotel without reference to passing and uttering it at the shop would have been enough to warrant conviction under a count charging possession, while proof of passing and uttering it at the shop, without reference to possession at the hotel, would have sufficed to warrant a verdict of guilt under a count charging passing and uttering.

It must be remembered that this is a proceeding in habeas corpus to obtain release from confinement after conviction, and ordinarily the only questions open to review in such a case are whether the court which imposed the sentence had jurisdiction of the offense charged and of the person of the defendant, and whether the sentence pronounced was one authorized by law. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759. We cannot inquire whether proof was offered on the trial to support each of the several counts in the indictment as a separate and distinct offense. Appeal is the remedy where a defendant is convicted and sentenced without substantial proof to sustain the charge. It must be conclusively presumed here that proof was adduced to support the several offenses charged. Norton v. Zerbst, supra; Watkins v. Zerbst, 10 Cir., 85 F.2d 999.

The order is affirmed.