## MOORE v. ADERHOLD, Warden.
### No. 1942.

Circuit Court of Appeals, Tenth Circuit.

Dec. 19, 1939.

---

Clarence Moore, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

Two indictments were returned against the petitioner in the District Court of the United States for the Eastern District of Kentucky. The first indictment, numbered 9205, charged that petitioner on or about January 15, 1937, in the Eastern District of Kentucky knowingly did receive, conceal, buy, and sell and facilitate the transportation, concealment, and sale, after importation into the United States contrary to law, of 8026 grains of heroin, a certain derivative and preparation of opium, then and there well knowing that such heroin had been so imported into the United States, and on or about the same date did purchase and conceal at Covington, Kentucky, in the Eastern District of Kentucky, such 8026 grains of heroin, well knowing the same had been so imported into the United States contrary to law. The second indictment, numbered 9206, charged that petitioner on or about January 15, 1937, in the Eastern District of Kentucky did unlawfully, knowingly, and feloniously purchase a derivative of opium, to-wit, 8026 grains of heroin not in or from the original stamped packages.

Petitioner was arraigned and pleaded not guilty to the indictments. They were consolidated for trial. Petitioner was represented at the trial by counsel of his own choice, Sawyer A. Smith, Esq., an attorney at law, of Covington, Kentucky. He was convicted on both indictments. On the conviction in No. 9205 he was sentenced to a term of imprisonment of ten years to run concurrently with a sentence he was then serving after revocation of a parole. In No. 9206 he was sentenced to a term of imprisonment of five years to run concurrently with the sentence imposed in No. 9205. Petitioner was delivered into custody of the appellee on May 17, 1937, pursuant to commitments issued on the sentences imposed.

The grounds set up in the petition for habeas corpus are: That petitioner was denied a preliminary hearing by the United States Attorney; that the amount of bond fixed as condition to his discharge prior to the trial was excessive; that the indictments failed to set out the place, time, and circumstances of the offenses charged; that the names of the witnesses for the United States were not endorsed upon the indictments; that he gave a list of his witnesses to his attorney and requested him to have the court subpoena them for the trial, and when he appeared in court he discovered that the witnesses were not present and was told the court refused to subpoena them, and that he then stated he would send for them, but was told the court would not postpone the case; that his home was searched without a search warrant; that the evidence introduced was not competent nor sufficient to justify his conviction; that the court made prejudicial remarks during the progress of the trial; that his attorney was not present at the time of the imposition of the sentences; that the sentences were excessive; and that he was prevented from perfecting an appeal through mistakes of his attorney in preparing the notice of appeal.

The contention that because there was no preliminary hearing petitioner was deprived of his constitutional guaranty to be confronted with witnesses against him (U.S.C.A.Const.Amend. 6) is wholly without merit. [1]

When the petitioner was first arrested the Commissioner set his bail bond at $5,000. He gave the $5,000 bond and was released. Later, he was rearrested and his bail bond was fixed at $10,000. It appears that he was charged with two felonious offenses and was a parole violator. In view of these facts, we cannot say that the bail was excessive. Furthermore, the requirement of excessive bail by the Commissioner would not, in our opinion, deprive the United States Court for the Eastern District of Kentucky of jurisdiction to try the petitioner on the indictments or affect the validity of his conviction and the sentences imposed.

It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. [2] Hence, on habeas corpus the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction. [3] Here, the offenses charged in the indictments were neither

---

[1] See Goldsby v. United States, 160 U. S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343; Garrison v. Johnston, 9 Cir., 104 F. 2d 128, 130.

[2] Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 670;

Sansone v. Zerbst, 10 Cir., 73 F.2d 670, 672.

[3] Franklin v. Biddle, 8 Cir., 5 F.2d 19, 20; Schultz v. Zerbst, supra.

colorless nor impossible ones under the law and were sufficient to give the court jurisdiction of the subject-matter and the person of petitioner. [4]

■ There is no constitutional or statutory provision requiring the names of the witnesses who appeared before the grand jury to be endorsed on the indictment. 18 U.S.C.A. § 562, applicable only to persons indicted for treason, or another capital offense, does not require that a list of the witnesses appearing before the grand jury shall be furnished to the accused, but only that a list of the witnesses "to be produced on the trial for proving the indictment" shall be so furnished. Wilson v. United States, 221 U.S. 361, 375, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558. There was no showing that petitioner or his attorney made application for an order that witnesses be subpoenaed in his behalf in accordance with 28 U.S.C.A. § 656, or that he was denied compulsory process for his witnesses.

■ Petitioner neither alleged nor proved that the evidence obtained through the alleged illegal search was introduced at the trial. Furthermore, there is no showing that petitioner, by timely motion or otherwise, moved to suppress such evidence. Absent such a motion, he waived his right to object to the introduction of such evidence. [5]

■ Questions going to the sufficiency of the evidence to support the charge and the competency of the evidence adduced at the trial are not reviewable on habeas corpus. [6] Where one seeks discharge from confinement after conviction for an offense upon an application for a writ of habeas corpus, the only questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. A habeas corpus proceeding cannot be employed as a substitute for appeal. [7]

■ Petitioner does not assert that he was denied the right of assistance of counsel at the time the sentences were imposed, but merely that his counsel was not present when the sentences were imposed. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right to counsel. [8] In that he wholly failed. On the contrary, the facts and circumstances warrant the finding of such waiver by the trial court.

■ The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual. Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 670.

■ Where the sentence imposed is within the limits prescribed by the statute for the offense committed, it ordinarily will not be regarded as cruel and unusual. [9]

■ The failure of petitioner's attorney to perfect the appeal is not ground for discharge on habeas corpus. An appeal is not a necessary element of due process of law, and it is not incumbent upon the trial court to see to it that defendant's

---

[4] See Goto v. Lane, 265 U.S. 393, 401, 402, 44 S.Ct. 525, 68 L.Ed. 1070;

Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541, 543.

[5] Segurola v. United States, 275 U.S. 106, 111, 112, 48 S.Ct. 77, 72 L.Ed. 186;

Rossini v. United States, 8 Cir., 6 F.2d 350, 352, 353;

Patterson v. United States, 9 Cir., 31 F.2d 737, 738.

[6] Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, 761;

Belt v. Zerbst, 10 Cir., 82 F.2d 18, 19, certiorari denied 298 U.S. 667, 56 S.Ct. 835, 80 L.Ed. 1391;

Norton v. Zerbst, 10 Cir., 83 F.2d 677, certiorari denied 299 U.S. 541, 57 S.Ct. 24, 81 L.Ed. 398;

Weeks v. Zerbst, 10 Cir., 85 F.2d 996, 997.

[7] Belt v. Zerbst, supra;

Thouvenell v. Zerbst, 10 Cir., 83 F.2d 1003, 1004.

[8] Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, 397;

Nivens v. Hudspeth, 10 Cir., 105 F.2d 756.

[9] Schultz v. Zerbst, supra;

Jackson v. United States, 9 Cir., 102 F. 473, 487;

Bailey v. United States, 7 Cir., 284 F. 126, 127;

Tincher v. United States, 4 Cir., 11 F.2d 18, 21;

Jackson v. United States, 3 Cir., 72 F.2d 764.

See, also, Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, 19 Ann.Cas. 705.

attorney perfects an appeal. De Maurez v. Swope, 9 Cir., 104 F.2d 758, 759.

We conclude that the judgment denying discharge on habeas corpus was right and it is accordingly affirmed.