## ROSENHOOVER v. HUDSPETH, Warden.

### No. 2028.

Circuit Court of Appeals, Tenth Circuit.

May 23, 1940.

William Grant, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order of the trial court denying petitioner's application for a writ of habeas corpus. On October 20, 1937, an indictment was returned against petitioner in the District Court of the United States for the Western District of Louisiana, charging him in six counts

with violations of the United States statutes, 18 U.S.C.A. § 387, forbidding the carrying of lottery tickets in interstate movements. Petitioner first entered a plea of not guilty to the charges, but on November 12, 1937, he withdrew his plea and entered a plea of guilty. He was forthwith sentenced to serve a term of imprisonment of three months in the federal jail in New Orleans on the first count, and on the remaining counts imposition of sentence was suspended and he was placed on probation.

On September 15, 1938, after petitioner had served the three months sentence imposed on Count 1, he was arrested and ordered to show cause why the probation formerly granted should not be revoked. On November 10, 1938, petitioner was arraigned and ordered to show cause and counsel was appointed to represent him. On November 21, 1938, after hearing had on the order to show cause, the court ordered that the suspension of the imposition of sentence be set aside and probation revoked. Petitioner was then sentenced to a term of two years imprisonment on the second count of the indictment. On the remaining counts, imposition of sentence was suspended for five years and petitioner was placed on probation. Petitioner was delivered into the custody of respondent and is now being detained under the process of November 21, 1938.

Petitioner advances a number of contentions in support of his petition. It is, however, conceded by counsel for petitioner, and rightfully so, that all of the assignments of error save the second have been resolved against petitioner by the decisions of the federal courts. It will therefore be necessary to consider only the second assignment of error. Petitioner contends that Counts 1 and 2 of the indictment charge but one offense and that since he has served the sentence imposed on Count 1 and is now being detained under a sentence imposed on Count 2, he is being unlawfully deprived of his freedom.

Count 1 of the indictment reads as follows: "That on or about the 24th day of July, 1937, in the Parish of Caddo, Louisiana, Western District of Louisiana, and within the jurisdiction of this Honorable Court, one H. S. Rosenhoover and one Mendel Gross, whose names are to your Grand Jurors otherwise unknown, hereinafter referred to in this indictment as defendants, did knowingly, wilfully, and feloniously carry in interstate commerce from one state, namely, the State of Mississippi, to another state, the State of Louisiana, a certain paper, certificate, and instrument, purporting to be and to represent a ticket, chance, share, and interest in or dependent upon the event of a lottery, gift enterprise and similar scheme offering prizes dependent in whole or in part upon lot or chance, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

Count 2 is laid in the identical language of Count 1, with the exception that in Count 2 the following phrase appearing in Count 1 is omitted: " * * * one H. S. Rosenhoover and one Mendel Gross, whose names are to your Grand Jurors otherwise unknown, hereinafter referred to in this indictment as defendants * * *", and in the place thereof appears the following: "* * * the said defendants. * * *."

On habeas corpus, the only defects in an indictment which may be raised are those which affect the jurisdiction of the court which pronounced sentence. Unless it appears on the face of the indictment that an impossible or colorless offense has been charged, the indictment must stand. Moore v. Aderhold, 10 Cir., 108 F.2d 729. It is well settled by an unbroken line of decisions by this court that the test to be applied in determining the question of identity of offenses laid in two or more counts of an indictment is whether each requires proof of a fact which is not required by the other. Curtis v. United States, 10 Cir., 67 F.2d 943; Schultz v. Zerbst, 10 Cir., 73 F.2d 668; Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Norton v. Zerbst, 10 Cir., 83 F.2d 677; Reger v. Hudspeth, 10 Cir., 103 F.2d 825; Hunt v. Hudspeth, 10 Cir., 111 F.2d 42, decided April 12, 1940.

If only the same evidence which is competent to establish the charge laid in Count 1 of the indictment can be admitted under Count 2 of the indictment then the counts charge but a single offense. If, however, evidence may be admitted under Count 2 showing that a separate and distinct offense was committed from that charged in Count 1, then the counts are not duplicitous and charge separate offenses. It cannot be said from an examination of the two counts that they charge but a single offense. It is quite possible that the defendant committed the crime charged in Count 1 on the morning of the 24th of July, and on the afternoon of the same day com-

mitted the offense charged in Count 2. Nor would respondent be prevented from showing that while the offense charged in Count 2 is laid on the 24th day of July, it occurred on the 23rd or some other day. It therefore cannot be said that an examination of the two counts conclusively shows that only a single offense was committed. Inquiry may not be made in this proceeding to determine whether as a matter of fact only a single offense was committed or whether proof was offered on the trial to support both counts of the indictment. That must be done by appeal, and habeas corpus may not be made a substitute therefor. Watkins v. Zerbst, 10 Cir., 85 F.2d 999; Reger v. Hudspeth, supra.

The order denying the petition for writ of habeas corpus is affirmed.