**CASEBEER v. HUDSPETH, Warden.**

No. 2098.

Circuit Court of Appeals, Tenth Circuit.

Sept. 17, 1940.

Rodger Spahr, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and MURRAH, District Judge.

BRATTON, Circuit Judge.

Edward Casebeer, hereinafter called petitioner, was found guilty of robbing a national bank with firearms. He appealed and the judgment was affirmed. Casebeer v. United States, 10 Cir., 87 F.2d 668. Commitment issued under which petitioner is confined in the federal penitentiary at Leavenworth, Kansas, and he now appeals from an order of the court below denying his petition for a writ of habeas corpus to effect his discharge.

It was alleged in the petition and the reply, considered together, that petitioner was convicted in the criminal case upon perjured testimony given by prisoners, their wives, and their relatives, and by other unscrupulous persons for personal and ulterior reasons; that some of

such persons testified under promise of release from a state penitentiary; that testimony given in behalf of petitioner by reliable and reputable persons was not given credence; and that the evidence failed to establish the presence of petitioner at the scene of the robbery. Ordinarily, the only questions open to review in a proceeding in habeas corpus to secure release from confinement after conviction for a crime are whether the court had jurisdiction of the offense charged and of the person of the accused, whether the accused was denied the assistance of counsel in his defense, and whether the sentence imposed was authorized by law. Other questions must be reviewed by appeal in the criminal case. Habeas corpus cannot be utilized as a substitute for appeal. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, certiorari denied 307 U.S. 642, 59 S.Ct. 1045, 83 L. Ed. 1522; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied 308 U.S. 549, 60 S.Ct. 79, 84 L.Ed. 462; Leonard v. Hudspeth, 10 Cir., 112 F.2d 121. Questions concerning the nature or sufficiency of the evidence adduced upon the trial of the criminal case cannot be determined in a habeas corpus proceeding. Norton v. Zerbst, 10 Cir., 83 F.2d 677, certiorari denied 299 U.S. 541, 57 S.Ct. 24, 81 L.Ed. 398; Moore v. Aderhold, 10 Cir., 108 F. 2d 729.

It was further alleged that the attorneys for petitioner were biased and blundered through the trial of the criminal case and thus caused his conviction, and that they erroneously perfected his appeal in such manner that evidence which would have caused a reversal of the judgment could not be presented to this court. Petitioner was represented by attorneys of his own choice, and the record does not indicate in any manner that they failed to represent him efficiently. No bill of exceptions was included in the record on appeal of the criminal case, but there is nothing to persuade us that the omission affected the outcome of the case or was prejudicial to the rights of petitioner. More than that, an appeal, or a defect in perfecting or prosecuting an appeal, is not a necessary element of due process which lays the basis for discharge on habeas corpus. Moore v. Aderhold, supra.

The remaining complaint is addressed to the action of the court on the motion for new trial in the criminal case based upon alleged newly discovered evidence. The motion was lodged after the appeal had been taken. For that reason the court lacked jurisdiction to entertain it. Hall v. United States, 10 Cir., 78 F. 2d 168. It is manifest that action taken upon a motion of which the court lacks jurisdiction is not prejudicial.

The order denying the petition for the writ is affirmed.