## SCOTT v. ADERHOLD, Warden.

### No. 2194.

Circuit Court of Appeals, Tenth Circuit.

Dec. 26, 1940.

798

Clarence Scott, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before BRATTON and MURRAH, Circuit Judges, and KENNAMER, District Judge.

BRATTON, Circuit Judge.

Clarence Scott, hereinafter called petitioner, seeks discharge from further detention in the federal penitentiary at Leavenworth, Kansas. Two indictments were returned against petitioner and others in the United States Court for the Northern District of West Virginia. One charged a conspiracy to sell, dispense, distribute and give away narcotic drugs without having paid the tax thereon; to send, ship, carry and deliver such drugs without having registered with the Collector of Customs; and to purchase, sell, dispense, distribute and give away such drugs not in the original package or from the original stamped package. The other charged the receipt, concealment, transportation and facilitation of the transportation and concealment of narcotic drugs, well knowing that they had been imported into the United States contrary to law. Petitioner was tried, convicted, and sentenced on each indictment; and he is imprisoned pursuant to commitments regularly issued. By separate petitions for the writ of habeas corpus, he attacked the judgments and sentences in the criminal cases. By separate orders, the court denied the petitions, and petitioner took a joint appeal from both orders.

Much of the petitions and briefs of petitioner is directed to alleged facts preceding and attending the trials, and to argument that certain reasonable suppositions and deductions indicate his innocence of the crimes laid in the indictments. These contentions cannot be considered, as this court has held without deviation that ordinarily the only questions open to review in a proceeding in habeas corpus to obtain release from confinement after conviction of a penal offense are whether the court which imposed the sentence had jurisdiction of the offense and of the person of the defendant, whether the sentence pronounced was one authorized by law, and whether the accused was denied the assistance of counsel in his defense in violation of the Sixth Amendment to the Constitution of the United States; and that other questions must be presented by appeal in the criminal case. Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, certiorari denied 307 U.S. 642, 59 S.Ct. 1045, 83 L.Ed. 1522; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied 308 U.S. 549, 60 S.Ct. 79, 84 L.Ed. 462; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Brock v. Hudspeth, 10 Cir., 111 F.2d 447; Bugg v. Hudspeth, 10 Cir., 113 F.2d 260; Casebeer v. Hudspeth, 10 Cir., 114 F.2d 789; Norris v. Hudspeth, 10 Cir., 114 F.2d 1007.

It is contended that petitioner was wrongfully denied the benefit of counsel in his defense in the criminal cases. This question is open to review in a habeas corpus proceeding. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed 1461. But the record clearly shows that petitioner was represented by counsel. An attorney, employed by one of the defendants, was appointed to represent petitioner and all other

defendants. He did represent them throughout the two trials, and there is not the slightest indication that any right of petitioner was overlooked or neglected. The contention concerning the denial of the assistance of counsel is without factual support and, therefore, cannot be sanctioned.

The orders denying the petitions for the writs of habeas corpus are severally affirmed.