### McGINLEY v. HUDSPETH, Warden.

### No. 2275.

Circuit Court of Appeals, Tenth Circuit.
May 26, 1941.

Kenneth E. McAfee, of Oklahoma City, Okl., for appellant.

Summerfield S. Alexander, U. S. Atty. and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Otto J. McGinley, a prisoner in the federal penitentiary at Leavenworth, Kansas, hereinafter called petitioner, instituted this proceeding in habeas corpus to secure his release from further detention. In July, 1937, an indictment was returned against petitioner in the Omaha Division of the United States Court for Nebraska, in which it was charged that on October 12, 1936, he unlawfully transported a stolen Plymouth Sedan automobile, motor number T. J. 278551, from Omaha, in the Omaha Division of the court, to Los Angeles, California, in violation of the Dyer Act, 18 U. S.C.A. § 408. Petitioner was tried, and at the close of the evidence the court directed a verdict of acquittal on the sole ground that the evidence was insufficient to show that the crime charged had been committed within the Omaha Division. In March, 1938, an indictment containing three counts was returned against petitioner in the McCook Division of the United States Court for Nebraska. The first count charged that on or about October 8, 1936, petitioner and one Theodore Harr formed an unlawful conspiracy having for its object and purpose the transportation of a stolen Plymouth automobile from Culbertson, Nebraska, in the McCook Division of the court, to Long Beach, California, and that certain overt acts were committed in furtherance of such conspiracy; the second count charged that on October 12, 1936, petitioner and Harr unlawfully transported a stolen 1935 Plymouth Coach automobile from Culbertson, Nebraska, to Long Beach, California; and the third count charged that on October 11, 1936, petitioner and Harr unlawfully transported from Lincoln, Nebraska, to Long Beach, California, a certain 1935 Plymouth Coach automobile. Petitioner was convicted on the first and second counts; and on March 30, 1939, he was sentenced to two years in the penitentiary on the first count and three years on the second, with provision that the sen-

tences should run concurrently, not consecutively. The sentence on the first count has been fully served and is not involved here. By petition for the writ of habeas corpus, petitioner attacked the sentence imposed under the second count on the ground that he had been placed in double jeopardy for a single offense. The district court denied the petition, and petitioner appealed.

 The question whether petitioner was placed in double jeopardy for a single crime depends upon whether the first indictment and the second count in the subsequent indictment charged the same offense. The recognized test for determining the identity or separateness of offenses charged in two indictments or in different counts in a single indictment is whether the same proof would sustain a conviction under both or whether each requires proof of one or more facts which is not required by the other. Curtis v. United States, 10 Cir., 67 F.2d 943; Schultz v. Zerbst, 10 Cir., 73 F.2d 668; Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Norton v. Zerbst, 10 Cir., 83 F.2d 677, certiorari denied 299 U.S. 541, 57 S.Ct. 24, 81 L.Ed. 398; Bracey v. Zerbst, 10 Cir., 93 F.2d 8; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied 308 U.S. 549, 60 S.Ct. 79, 84 L.Ed. 462; Rosenhoover v. Hudspeth, 10 Cir., 112 F.2d 667.

Here the first indictment charged that the stolen automobile was transported from Omaha, Nebraska, to Los Angeles, California, while the second count in the subsequent indictment charged that the car was transported from Culbertson, Nebraska, to Long Beach, California. The points of origin and destination were not the same. They were entirely different. In addition, the first indictment charged that the automobile was a Plymouth Coach, bearing a certain motor number, and the second charged that the automobile there in question was a Plymouth Sedan, with no number given. The same proof would not have sustained a conviction under both charges. Manifestly each required proof of facts different and distinct from the other. That is too plain to warrant elucidation. It follows that the two charges were not identical, and that acquittal under the former did not bar conviction under the latter.

Furthermore, it is well settled that the right of immunity against being placed twice in jeopardy for the same offense, guaranteed by the Fifth Amendment to the Constitution of the United States, is a personal right, and may be waived by the accused. Bracey v. Zerbst, supra; Caballero v. Hudspeth, 10 Cir., 114 F.2d 545; Brady v. United States, 10 Cir., 24 F.2d 399, certiorari denied, 278 U.S. 603, 49 S.Ct. 10, 73 L.Ed. 531. And the waiver may be express or implied. Brady v. United States, supra. It is not alleged in the petition for the writ or otherwise suggested that petitioner asserted in any manner in the second criminal case his constitutional guaranty against being tried twice for the same crime.

The government introduced in evidence an affidavit of the Assistant United States Attorney for the District of Nebraska, in which certain facts were detailed relating to the proceedings had in the two criminal cases. Proof which is requisite in a proceeding in habeas corpus to secure discharge from confinement after conviction for crime cannot be supplied by an ex-parte affidavit. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. ——. But the error in admitting the affidavit was harmless, for the reason that the petition for the writ failed to state a cause of action in that the only ground pleaded was double jeopardy, and it affirmatively appeared from the petition and court records that petitioner had not been twice placed in jeopardy, and further that the question had been waived.

The judgment is affirmed.