**HUBBARD v. JACQUES, Warden.**

Civ. No. 361.

United States District Court
W. D. Michigan, N. D.

Feb. 7, 1951.

Petitioner appeared in pro. per.

Stephen J. Roth, Atty. Gen., of Michigan, and Perry A. Maynard, Asst. Atty. Gen., of Michigan, for respondent.

STARR, District Judge.

On November 4, 1950, Donald W. Hubbard, an inmate of the branch State prison at Marquette, Michigan, filed petition in this court for a writ of habeas corpus, and an order was entered directing the respondent to show cause why the writ should not be issued. For the reasons stated in his return, the respondent denies petitioner's right to the writ.

From the petition and other pleadings, it appears that on March 1, 1945, a complaint was filed before a municipal judge of the city of Kalamazoo, Michigan, alleging that Hubbard (petitioner) while armed had assaulted and robbed one Lulu Wilson; that he was arrested, brought before the municipal judge, waived examination, and was ordered held for trial in the circuit court for Kalamazoo county. An information was filed charging him with the crime of assault and robbery while armed, and on March 3d he was arraigned before George V. Weimer, circuit judge. The information was read, he stood mute, and a plea of not guilty was entered by the court. On March 6th the circuit judge appointed attorney Justin Brocato to represent him. Hubbard was tried by jury, found guilty, and on March 21, 1945, was sentenced to a prison term of not less than 25 nor more than 30 years.

On June, 8, 1948, Hubbard applied to the circuit court for leave to file a delayed motion for a new trial and, leave being granted, he filed such motion on March 5, 1949. The motion was heard and on October 31, 1949, was denied. His application to the Supreme Court of Michigan for leave to appeal was denied, and his application for reconsideration was also denied. He applied to the Supreme Court of the United States for writ of certiorari, which was denied October 9, 1950. Hubbard v. People of State of Michigan, 340 U.S. 837, 71 S.Ct. 21.

Having exhausted his State remedies, Hubbard now petitions this court for the writ of habeas corpus. 28 U.S.C.A. § 2241 et seq. He contends that his conviction, sentence, and present detention are illegal, on the grounds: (1) That his conviction and sentence were based upon certain evidence improperly admitted by the trial court; (2) that the jury's verdict of guilty was against the great weight of the evidence; (3) that the prosecution knowingly presented perjured testimony; (4) that the prosecution failed to indorse the name of one of the State's witnesses on the information; (5) that the prosecution proceeded by information rather than by indictment by a grand jury; (6) that the sentence imposed was not for the crime of which he was found guilty, but for another crime with which he had not been charged; and (7) that he was denied a fair and impartial trial.

■■■ Hubbard's first and second contentions are without merit. In Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732, the rule is stated that "Questions going to the sufficiency of the evidence to support the charge and the competency of the evidence adduced at the trial are not reviewable on habeas corpus." See also Moore v. Shuttleworth, 6 Cir., 180 F.2d 889; Krull v. Hiatt, Warden, D.C., 74 F.Supp. 349. His third contention, that the prosecution

knowingly presented perjured testimony, is likewise without merit. Although a conviction procured by perjured testimony is without due process of law and in violation of the Fourteenth Amendment of the Constitution of the United States, Mooney v. Holohan, Warden, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, there is no satisfactory showing that in the present case Hubbard's conviction resulted from the use or admission of perjured testimony. The testimony objected to is that of Curtis Stiles, an accomplice in the robbery. The transcript indicates that Stiles had made statements to the State police, which were in contradiction of his testimony at the trial. However, his testimony at the trial was under oath, while statements made by him to the State police were not. It appears that Stiles was questioned at length and that the jury was fully informed of the contradictory statements he had made. The jury was the sole judge of the facts and of the credibility of witnesses and the weight to be given their testimony.

The failure of the prosecution to indorse the name of Curtis Stiles on the information did not vitiate Hubbard's conviction and sentence. People v. Fleish, 321 Mich. 443, 458, 32 N.W.2d 700. Stiles was named in the information as an accomplice in the commission of the crime with which Hubbard was charged, and although the prosecution was under no legal duty to call Stiles as a witness, People v. Knoll, 258 Mich. 89, 242 N.W. 222, he was, nevertheless, produced and sworn and testified at the trial. No question as to his competence as a witness can be raised by habeas corpus. Moore v. Aderhold, 10 Cir., 108 F.2d 729; In re Stone, 295 Mich. 207, 294 N.W. 156; In re Van Dyke, 276 Mich. 32, 267 N.W. 778.

Hubbard's fifth contention is also without merit, as the law is well established that in State courts the prosecution may proceed by information rather than by indictment. Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 292, 28 L.Ed. 232; People v. Simon, 324 Mich. 450, 36 N.W.2d 734; In re Palm, 255 Mich. 632, 238 N.W. 732.

Hubbard's next contention, that the sentence imposed was not for the crime of which he was found guilty, is based upon a colloquy between himself and the trial judge before the imposition of sentence. It appears that the judge questioned him at some length concerning the incident of an assault made on the turnkey of the jail in which he was being held during the trial, and the record indicates that the judge was at least inclined to believe that Hubbard had been the assailant. In pronouncing sentence the judge stated in part: "The term that is about to be fixed is based upon Hubbard's personal history, the viciousness of the armed robbery, the fact that we believe and find that Hubbard was the real instigator of that robbery, and that he placed a very dangerous weapon in the hands of an inexperienced boy and caused the boy to be the actual perpetrator while he, Hubbard, remained at the wheel of the car, and that he probably did that so that he could, if arrested, make the very claim that he now makes, namely, that he knew nothing about the robbery, and, finally, because we believe that Hubbard was the only inmate that Sunday morning who would have had any disposition at all to assault sixty year old Deputy Carr, a kindly, considerate and indulgent turnkey as there is on the Sheriff's force."

This reference by the sentencing judge to the assault on the turnkey was injudicious. However, as Hubbard had been convicted on a jury trial in which he was represented by competent counsel, and as the sentence imposed was within the limits prescribed by the State law, it cannot be attacked in this habeas corpus proceeding. Act No. 328, § 529, Pub.Acts Mich. 1931, Stat.Ann. § 28.797, Comp.Laws 1948, § 750.529, prescribes a penalty of imprisonment for life or for any term of years for the crime of robbery armed. In Moore v. Aderhold, supra, the court said, 108 F.2d at page 732:

"The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the

penalty prescribed is clearly and manifestly cruel and unusual. * * *

"Where the sentence imposed is within the limits prescribed by the statute for the offense committed, it ordinarily will not be regarded as cruel and unusual."

■ From examination of the petition, the respondent's return, and the many exhibits submitted, the court is convinced that Hubbard obtained a fair and impartial trial and that his conviction and sentence were not in violation of his constitutional rights.

For the reasons herein stated, the petition for writ of habeas corpus is denied and an order will be entered accordingly.