## KNOLL v. UNITED STATES.

---

CRIMINAL LAW; POLICY LOTTERY; INDICTMENT.

1. If one be charged, under D. C. Code, sec. 863 [31 Stat. at L. 1330, chap. 854], with being concerned as an agent in managing a policy lottery in the District of Columbia, the offense consists of the act charged, and it is immaterial where the principal office or shop of the lottery may be located.

2. An indictment under a statute is sufficient, which, though brief, follows the language of the statute, and informs the defendant with substantial certainty of the time, place, and character of the offense

which he is called upon to defend. (Following *Gassenheimer* v. *United States, ante,* 432.)

3. "Policy lottery" has a common, well-understood meaning; and in an indictment for this offense it is not necessary to set out the ordinary constituents or features of this game or device.

No. 1580.    Submitted December 8, 1905.    Decided January 4, 1906.

HEARING on an appeal by the defendant from a judgment of conviction of the Supreme Court of the District of Columbia in a prosecution for being concerned as agent of a policy lottery.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John C. Gittings, Mr. Justin Morrill Chamberlin,* and *Mr. Charles H. English* for the appellant.

*Mr. D. W. Baker,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins* and *Mr. James M. Proctor,* Assistants, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The appellant, Taylor Knoll, was found guilty under an indictment charging him with being concerned as an agent in managing a policy lottery, and sentenced to confinement in the penitentiary for two years.

The indictment is in two counts, but the jury found him not guilty as charged in the second of these.

The single question raised on the appeal is the sufficiency of count 1, which charges that on divers "days between January 2 and 17, 1905, in the District of Columbia, the said Taylor Knoll unlawfully was concerned as an agent in managing a certain policy lottery, a more particular description whereof is unknown to the grand jurors aforesaid; against the form of the statute," etc.

Article 863 of the Code, under which the indictment was presented, reads as follows: "If any person shall, within the District, keep, set up, or promote, or be concerned as owner, agent, or clerk, or in any other manner, in managing any policy lottery or policy shop, or shall sell or transfer any ticket, certificate, bill, token, or other device purporting or intended to guarantee or assure to any person, or entitle him to, a chance of drawing or obtaining a prize, to be drawn in any lottery, or in the game or device commonly known as policy lottery or policy, or shall, for himself, or another person, sell or transfer, or have in his possession for the purpose of sale or transfer, or shall aid in selling, exchanging, negotiating, or transferring, a chance or ticket in, or share of a ticket in, any policy lottery, or any such bill, certificate, token, or other device, he shall be fined not more than $500, or be imprisoned not more than one year, or both." [31 Stat. at L. 1330, chap. 854.]

2. The first ground of objection to this indictment is, that it does not allege that the policy lottery, in managing which the appellant was concerned as agent, was situated in the District. This is conceded, but it does not follow that the indictment is bad on account of the omission.

Section 863 is very comprehensive in its language, and was evidently devised for the prevention of the policy-lottery mischief in all of its ordinary forms in the District of Columbia. In the execution of this intention it creates several distinct offenses that may be committed in the maintenance, promotion, prosecution, and exploitation of such schemes; and it makes no difference whether the scheme may have been originally organized, set up, or situated in some other jurisdiction, provided the prohibited acts charged in the indictment shall have been committed in the District. If one be charged, as appellant is, with being concerned as agent in managing any policy lottery or policy shop in the District, the offense consists of the act charged, and it is immaterial where the principal office or shop may be located. If a person only keeps, sets up, or promotes a lottery beyond the limits of the District, he is not indictable therein; but if, as owner, agent, clerk, or in any other manner,

he be concerned in managing the same in the District, he comes clearly within the operation of the statute. This construction has the support of the following well-considered cases arising under similar statutes: *Com.* v. *Sullivan,* 146 Mass. 142, 144, 15 N. E. 491; *Com.* v. *Horton,* 2 Gray, 69; *Com.* v. *Hooper,* 5 Pick. 42, 43; *State* v. *Follet,* 6 N. H. 53.

3. The second and last objection to the indictment is that it violates the fundamental rules of criminal pleading in respect of certainty.

We do not concur in this contention. Brief as the charge is, it follows the language of the statute, and informed defendant with substantial certainty of the time, place, and character of the offense which he was called upon to defend. This is all that the settled rules of pleading in similar cases require. *State* v. *Wilkerson,* 170 Mo. 184, 191, 70 S. W. 478; *Trout* v. *State,* 111 Ind. 499, 503, 12 N. E. 1005; *Bueno* v. *State,* 40 Fla. 160, 167, 23 So. 862; *Com.* v. *Sullivan,* 146 Mass. 142, 144, 15 N. E. 491; *State* v. *Follet, supra.* Having charged directly that defendant was engaged as agent in managing a policy lottery in the District at a certain time, it was not necessary to set out the various acts or conduct which might be proved in order to show agency and management. Such strictness in averment was not necessary to the reasonable, rightful protection of the defendant, and might, by confining the evidence thereto, have operated to defeat the ends of justice. *United States* v. *Simmons,* 96 U. S. 360, 364, 24 L. ed. 819, 820; *Gassenheimer* v. *United States, ante,* 432.

For even stronger reasons, it was not necessary to set out the ordinary constituents or features of the game or device called policy lottery in the statute. Policy lottery, or policy as it is sometimes called, has a common, well-understood meaning. That the framers of the Code so understood it is apparent, for the section prohibiting it describes it as the "game or device commonly known as policy lottery or policy."

Moreover, the indictment following the language of the statute adds the words: "A more particular description whereof is unknown to the grand jurors aforesaid."

While the game or device is well known to be a method of gambling by betting as to what numbers will be drawn in a lottery of one form or another, the operation, in respect of tickets, numbers, betting, drawing, distribution, and management, if required to be particularly described in an indictment, might be changed from time to time so as to baffle the ingenuity of the pleader, but without changing the real character of the unlawful scheme.

The court did not err in overruling the motion in arrest of judgment, and the judgment must therefore be affirmed.   It is so ordered.                                              *Affirmed.*

A petition to the Supreme Court of the United States for the writ of certiorari was denied March 9, 1906.