**MONTGOMERY v. JOHNSTON, Warden.**

No. 9420.

Circuit Court of Appeals, Ninth Circuit.

April 19, 1940.

---

[1] The right of citizenship does not descend to children whose fathers never resided in the United States. R.S. § 1993, 8 U.S.C.A. § 6.

Harold L. Montgomery, in propria persona. for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order denying a petition for a writ of habeas corpus.

In 1930 there was imposed on appellant a twenty-five year sentence for violating section 197 of the Criminal Code, 18 U.S.C. A. § 320. He now claims that the court had jurisdiction to impose a sentence of ten years only, and that the sentence is void as to the excess.

The statute provided that "whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."[1]

Eliminating immaterial verbiage, the indictment charged that appellant "did * * assault one Ira M. Derrick, he * * * being * * * a person having * * * custody of United States mail matter, with intent to rob * * * such mail matter, and in attempting to effect such robbery as aforesaid, did put in jeopardy the life of said Ira M. Derrick * * * by the use of a dangerous weapon, to wit: an Iver-Johnson 32-caliber hammerless revolver * * *."

Appellant argues that the statute does not authorize the imposition of the aggravated sentence unless there be a completed robbery, and that since the indictment charges only that in attempting to effect such robbery appellant jeopardized the life of the custodian by the use of a dangerous weapon, the court was without jurisdiction to impose the aggravated penalty.

The statute provides otherwise. The twenty-five year penalty is imposed where the offender puts in jeopardy the custodian's life by the use of a dangerous weapon, either in effecting or in attempting to effect a robbery. There is nothing in Norton v. Zerbst, 10 Cir., 83 F.2d 677, to support appellant's contention. United States v. Reeves, C.C., 38 F. 404, upon which he also relies, dealt with former statutes (R.S. §§ 5472, 5473) which were repealed by section 341 of the Criminal Code, 35 Stat. 1153.

Affirmed.

---

[1] The statute was amended August 26, 1935, 49 Stat. 867, 18 U.S.C.A. § 320.