**KERR v. JOHNSTON, Warden.**

No. 10069.

Circuit Court of Appeals, Ninth Circuit.

Sept. 10, 1942.

638

Raymond J. O'Connor, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment denying appellant's petition for a writ of habeas corpus.

It appears from the petition that appellant was indicted in the District Court of the United States for the Northern District of California on September 30, 1933. The indictment, a copy of which is attached to and made part of the petition, was in seven counts. Counts 1, 2 and 3 charged violations of § 197 of the Criminal Code, 18 U.S.C.A. § 320. Counts 4, 5 and 6 charged violations of § 194 of the Criminal Code, 18 U.S.C.A. § 317. Count 7 charged a violation of § 37 of the Criminal Code, 18 U.S.C.A. § 88.

It appears from the petition that counts 1 and 3 were dismissed; that appellant pleaded guilty to counts 2, 4, 5, 6 and 7; that thereupon, on March 12, 1934, the court entered judgment whereby appellant was sentenced to be imprisoned for ten years under count 2 and for five years each under counts 4, 5 and 6, and was sentenced under count 7 to pay a fine of $1,000 and to be imprisoned for two years and until payment of said fine, said terms of imprisonment to run consecutively; and that appellant is detained in appellee's custody by virtue of that judgment.

The petition states that the sentences imposed under counts 4, 5 and 6 are illegal and void; that, taking into account deductions to which appellant was entitled (18 U.S.C.A. §§ 710–713, 744h), the twelve years of imprisonment to which he was sentenced under counts 2 and 7 expired on September 5, 1941; and that, since September 5, 1941, appellant's detention has been and is unlawful.

The statement that the sentences imposed under counts 4, 5 and 6 are illegal and void is a mere statement of a conclusion. The conclusion is based on a false premise, namely, that counts 2, 4, 5 and 6 charged a single offense. Actually, counts 2, 4, 5 and 6 charged four offenses, each count charging a distinct offense, as we shall now show.

Count 2 charged that on or about February 9, 1933, at the post office in Sacramento, California, the defendants (appellant and five others) robbed Walter E. Williams of certain mail matter, Williams being then and there a person having lawful charge, control and custody of said mail matter; that said mail matter consisted of three mail bags and their contents (letters, money, bonds, coupons, jewelry and checks); and that said bags were (1) a bag addressed to San Francisco, California, and closed by rotary lock No. J1988-425, (2) a bag addressed to Chicago, Illinois, and closed by rotary lock No. H18880-384, and (3) a bag addressed to Sacramento Terminal, Sacramento, California, and closed by rotary lock No. L1057-11. Thus count 2 charged an offense under § 197 of the Criminal Code, 18 U.S.C.A. § 320, which at all pertinent times [1] provided:

"Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal,

[1] This section was amended by the Act of August 26, 1935, c. 694, 49 Stat. 867. The amendment, however, was subsequent to the commission of the offenses and to the imposition of the sentences here considered.

or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and * * * for a subsequent offense, shall be imprisoned twenty-five years."

Count 4 charged that on or about February 9, 1933, the defendants stole, took and abstracted from and out of the Sacramento post office a mail bag addressed to San Francisco, California, and closed by rotary lock No. J1988-425. Count 5 charged that on or about February 9, 1933, the defendants stole, took and abstracted from and out of the Sacramento post office a mail bag addressed to Chicago, Illinois, and closed by rotary lock No. H18880-384. Count 6 charged that on or about February 9, 1933, the defendants stole, took and abstracted from and out of the Sacramento post office a mail bag addressed to Sacramento Terminal, Sacramento, California, and closed by rotary lock No. L1057-11. Thus each of these three counts charged an offense under § 194 of the Criminal Code, as amended by the Act of February 25, 1925, c. 318,[2] 18 U.S.C.A. § 317, which provided:

"Whoever shall steal, take, or abstract * * * from or out of any * * * post office * * * any letter, postal card, package, bag, or mail * * * shall be fined not more than $2,000, or imprisoned not more than five years, or both."

The three bags described in count 2 and the three bags described in counts 4, 5 and 6 were undoubtedly the same; but it does not follow, nor is it true, that the offenses charged in counts 2, 4, 5 and 6 were one and the same. The offense charged in count 2 was distinct from the offenses charged in counts 4, 5 and 6. Schultz v. Hudspeth, 10 Cir., 123 F.2d 729. The offenses charged in counts 4, 5 and 6 were distinct from each other. McKee v. Johnston, 9 Cir., 109 F.2d 273, 275. Hence the sentences imposed under counts 4, 5 and 6, as well as those imposed under counts 2 and 7, were valid. Thus appellant was validly sentenced to terms of imprisonment aggregating 27 years—a period which admittedly has not expired. Therefore appellant is not entitled to a writ of habeas corpus.

Moreover, as appears from his petition, appellant was sentenced under count 7 to pay a fine of $1,000 and to be imprisoned until payment thereof. It does not appear that the fine has been paid, or that appellant has been discharged as an indigent convict (18 U.S.C.A. § 641) or has made application for such discharge. Thus, even if the sentences imposed under counts 4, 5 and 6 were invalid, appellant would not now be entitled to a writ of habeas corpus. Hogan v. Hill, D.C.M.D.Pa., 9 F.Supp. 333, 336.

Judgment affirmed.

---

[2] Section 194 was further amended by the Act of August 26, 1935, c. 693, 49 Stat. 867, and by the Act of August 7, 1939, c. 557, 53 Stat. 1256. These amendments, however, were subsequent to the commission of the offenses and to the imposition of the sentences here considered.