## BLACKWOOD v. UNITED STATES.
### No. 12501.

Circuit Court of Appeals, Eighth Circuit.
Oct. 26, 1943.

**462**

James A. Bradley and McKay & McKay, all of Kennett, Mo., for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., for appellee.

Before WOODROUGH, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

This is an appeal from an order denying a motion, filed in 1942, to vacate or correct a twenty-five-year sentence imposed upon appellant after a trial and conviction by a jury in 1931.

The motion alleges, as its general basis, that "the indictment charges no offense against any statute of the United States, which authorizes a penalty in excess of ten years." Appellant has been committed to a federal penitentiary since his sentence in 1931, and he contends that he has thus served the full time for which he legally could have been sentenced under the indictment, and that the balance of his sentence is void.

The indictment was one under section 197 of the Criminal Code, 35 Stat. 1126, 18 U.S.C.A. § 320, which at that time provided: "Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

The indictment was in a single count and charged that, on or about October 23, 1930, appellant and two other named defendants assaulted the United States postmaster at Gibson, Missouri, who at the time had "lawful charge, control, custody and possession of the United States mail matter, in the lawful discharge of his duties as such postmaster for the United States Post Office Department, said assault having been committed with the unlawful and felonious intent then and there in them, the said Wesley H. Wright, Ira Blackwood and Lemma F. Brooks, and each of them, to rob, steal, and purloin said mail matter, post office money and United States postage stamps then and there in charge, control, custody and possession of the said Thomas W. Curtis, postmaster as aforesaid, and in attempting to effect such robbery, they, the said Wesley H. Wright, Ira Blackwood and Lemma F. Brooks, and each of them, did put the life of the said Thomas W. Curtis in jeopardy by the use of dangerous weapons, to-wit, two pieces of two-inch iron pipe of the lengths of twelve and one-half inches (12½ inches) and fourteen and one-half inches (14½ inches), respectively; contrary to the form of the statutes," etc.

The substance of appellant's contentions is that the indictment did not charge an offense against him under the second portion of section 197 of the Criminal Code, quoted above; that, in order to charge an offense under this portion of the statute, it was necessary for the indictment to allege that an actual robbery of mail matter had occurred and that it was accomplished by wounding the person having custody thereof or by putting his life in jeopardy by the use of a dangerous weapon; that, even in such a situation, the indictment could not give the court jurisdiction under this portion of the statute unless it specifically described the mail matter of which the custodian was robbed; that, since the indictment neither alleged that a robbery had been committed nor described the mail matter involved, the court had utterly no jurisdiction to convict or impose a sentence under the second portion of the statute; that the only offense legally charged in the indictment, therefore, was an ordinary assault with intent to rob, under the first portion of the statute; that the maximum penalty under this portion of the statute was ten-years imprisonment, and that all of appellant's sentence in excess of ten years was accordingly void.

These contentions are wholly without merit, as the trial court held in denying appellant's motion generally and in refusing to allow him to prosecute an appeal in forma pauperis.

A mere reading of section 197 of the Criminal Code clearly shows that the first portion thereof provides for two offenses, (1) the attempt to rob a custodian of any mail matter by means of an assault, and (2) the robbing of any mail matter from such a custodian, with or without an assault; that the second portion of the statute provides for an aggravated degree of each of these two offenses, (1) where the custodian has been wounded, or (2) where his life has been put in jeopardy by the

use of a dangerous weapon; that the second portion of the statute also makes any subsequent offense of such an assault with intent to rob, or such a robbery, as described in the first portion, equivalent, for punishment purposes, to an aggravated degree of such crime; and that a punishment of not more than ten years imprisonment is provided for either of the offenses under the first portion of the statute, and a mandatory punishment of twenty-five years imprisonment for any aggravated degree of either of such offenses, under the second portion, or for a subsequent offense.

■ To constitute a punishable offense under the second portion of the statute it was therefore not necessary that any robbery should actually have been committed, as appellant contends. Cf. Montgomery v. Johnston, 9 Cir., 111 F.2d 327; United States v. Spain, D.C.E.D.Ill., 32 F.Supp. 28, 30. The indictment here expressly charged that appellant, with intent to rob a postmaster of mail matter, had assaulted him, and that, in attempting to effect such robbery, appellant had put the postmaster's life in jeopardy by the use of dangerous weapons, consisting of two pieces of two-inch iron pipe, twelve and one-half and fourteen and one-half inches in length, respectively. This plainly was a sufficient general accusation of an aggravated degree of attempted robbery of mail matter by assault, to sustain a sentence under the second portion of the statute, as against a motion to vacate or correct the judgment. Appellant's contention that the indictment could not give the court any jurisdiction under the second portion of the statute, unless it specifically described the nature of the "mail matter" involved, is frivolous. Such a specification, if it was reachable—and here it manifestly was not even necessary to appellant's defense on the original trial—could only be made the subject for a timely motion for a bill of particulars and for a possible review by direct appeal from the judgment.

■ The argument is made (though the point is not specifically set out in appellant's assignments of errors) that, if the second portion of the statute can properly be construed to apply to an aggravated degree of attempted robbery as well as to an accomplished one, the indictment here is fatally defective and incapable of giving jurisdiction under the second portion of the statute, because it fails to allege substantively any such attempt at robbery separately and apart from the charge made under the first portion of the statute. The indictment, as we have already indicated, was in a single count, and all of its recitations and averments must therefore be read and considered together. It clearly was sufficient, for purposes of this single count, to set out the facts as to the assault upon the postmaster, and his custody of the mail matter, together with appellant's intent to rob, in connection with the charge under the first portion of the statute, and, without repetition of such facts and intent, in connection with the aggravation charged under the second portion of the statute, to allege generally, in the language of the statute itself, that, in "attempting to effect such robbery", appellant put the life of the custodian in jeopardy by the use of a dangerous weapon. No attack is made here upon the indictment as being duplicitous, because the offense charged under the first portion of the statute and the aggravation thereof under the second portion are included in the same count, nor, of course, would such an objection, whether otherwise good or bad,[1] be of avail on a motion to vacate or correct the sentence. See Connors v. United States, 158 U.S. 408, 15 S. Ct. 951, 39 L.Ed. 1033; Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 1197, 41 L.Ed. 289.

■ The indictment definitely charged appellant with an aggravated degree of attempted robbery of mail matter from a custodian, by putting the latter's life in jeopardy by the use of a dangerous weapon, under the second portion of the statute. There were no substantive defects in the indictment which can here be claimed to have failed to give the court jurisdiction to convict appellant of, and to sentence him for, such aggravated degree of attempted mail robbery. See generally 18 U.S.C.A. § 556; Keys v. United States, 8 Cir., 126 F.2d 181, 184; Knoll v. United States, 26

---

[1] See Rowan v. United States, 5 Cir., 281 F. 137, certiorari denied 260 U.S. 721, 43 S.Ct. 12, 67 L.Ed. 481, holding that an indictment, charging in a single count an assault upon a custodian of mail matter with intent to rob, and the aggravation of such offense by putting the custodian's life in jeopardy by the use of dangerous weapons, while attempting to effect such robbery, is not duplicitous. That question, however, as indicated above, is not here involved.

464

App.D.C. 457, certiorari denied 201 U.S. 643, 26 S.Ct. 759, 50 L.Ed. 902; United States v. Spain, D.C.E.D.Ill., 32 F.Supp. 28. No part of appellant's twenty-five-year sentence therefore is void and subject to being reached by a motion to vacate or correct the judgment.

Affirmed.