### TOUHY v. COX, Warden.

#### No. 12830.

Circuit Court of Appeals, Eighth Circuit.

Oct. 23, 1944.

Paul Dillon, of St. Louis, Mo., for appellant.

Sam O. Hargus, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying the application of appellant for a writ of habeas corpus. Appellant was indicted jointly with others in an indictment containing twelve counts for robbery of the United States mail; for the stealing of nine different letters from nine different mail pouches containing such mail; and for conspiracy to commit the offenses charged.

Counts 1 and 2 of the indictment charged defendant and others with having by force of arms and intimidation robbed the custodians of the nine pouches of registered mail, which mail pouches were specifically identified and described in the indictment. Counts 3 to 11, inclusive, charged the defendant and others with feloniously stealing, taking and abstracting registered mail matter from nine different mail sacks. Count 12 charged the defendant and others with conspiring to commit the offenses named in the several previous counts of the indictment. Prior to the commencement of the trial counts 1 and 2 were dismissed by the Government without objection on the part of appellant. These two counts were drawn under Section 320, 18 U.S.C.A., while counts 3 to 11, inclusive, were drawn under Section 317, 18 U.S.C.A. Appellant was convicted on all counts except the two which were dismissed, and his punishment was fixed at imprisonment in the penitentiary for a period of five years on the third count, for a period of one year on the fourth count, for a period of one year on the fifth count, for a period of five years on the sixth count, for a period of five years on the seventh count, for a period of one year on the eighth count, for a period of one year on the ninth count, for a period of one year on the tenth count, for a period of one year on the eleventh count, and for a period of two years upon the twelfth count of the indictment, the terms of imprisonment to be served consecutively, making an aggregate sentence of twenty-three years.

On this appeal it is urged that there was only one crime charged, other than the crime of conspiracy, and that was the crime of robbing the custodians of the registered mail pouches, as charged in counts 1 and 2, which were dismissed, and that the crimes mentioned in counts 3 to 11, inclusive, were all included in the crime set forth in counts 1 and 2.

Section 320, 18 U.S.C.A. (Criminal Code, section 197), under which counts 1 and 2 of the indictment were drawn, reads in part as follows: "Sec. 320. Assaulting mail custodian and robbing mail; wounding custodian. Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense," etc.

Section 317, 18 U.S.C.A. (Criminal Code, section 194), under which counts 3 to 11, inclusive, were drawn, reads in part as follows:

"Sec. 317. Stealing, secreting, or embezzling mail matter. Whoever shall steal, take, or abstract, or by fraud or deception obtain, from or out of any mail, post office or station thereof, or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or shall abstract or remove from any such letter, package, bag, or mail, any article or thing contained therein, or shall secrete, embezzle, or destroy any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or whoever shall steal, take, or abstract, or by fraud or deception obtain any letter, postal card, package, bag, or mail, which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter * * * before it has been delivered to the person to whom it was directed, with a design to obstruct the correspondence, or to pry into the business or secrets of another, or shall open, secrete, embezzle, or destroy the same, shall be fined not more than $2,000, or imprisoned not more than five years, or both." [1]

Counts 3 to 11 charged defendant and others with stealing particular registered letters from one or more of the pouches of registered mail charged in counts 1 and 2 to have been taken from the possession of the lawful custodians by force and violence and by putting the custodians in fear and jeopardy by the use of certain dangerous weapons.

It is conceded by appellant that he was properly sentenced to a term of two years under count 12, the conspiracy count, of the indictment, but having served the full term of that sentence he claims that he is entitled to a discharge.

It is the contention of appellant that having robbed the custodians of the registered mail pouches, he could not under the law be guilty of stealing registered mail from such pouches, because he had in effect been charged with the stealing of the whole pouches and their contents.

Section 320 makes it a crime to assault any person in custody of mail matter with intent to rob or steal the mail matter from the person of such custodian. Section 317, on the other hand, describes the offense of stealing, taking and abstracting mail matter from an authorized depository for such matter. Section 320 is aimed primarily at the protection of the custodian of the mail.

The offenses described in the two statutes are quite distinct. Proof of the offenses charged in counts 1 and 2 would not have been sufficient to convict of the offenses charged in counts 3 to 11, but additional evidence would be required. The test of the identity of offenses is whether the same evidence is required to sustain them. If not, the mere fact that both charges grow out of one transaction does not make a single offense where two offenses are defined by the statutes. In the instant case the facts recited in counts 1 and 2 and counts 3 to 11 constituted a violation of two distinct statutory enactments. It is clear that each of the statutes requires proof of facts which the other does not require. Poffenbarger v. United States, 8 Cir., 20 F.2d 42; Kerr v. Johnston, 9 Cir., 130 F.2d 637; Poffenbarger v. Aderhold, 5 Cir., 67 F.2d 250; Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

We are of the view that counts 3 to 11, inclusive, each charged a separate crime and they were not included in the crimes charged in counts 1 and 2. The order appealed from is therefore affirmed.

---

[1] The above quoted sections 317 and 320, 18 U.S.C.A., have since the date of the commission of the offenses charged in the indictment, been amended.