**TESCIONA v. HUNTER, Warden.**

**No. 3182.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 22, 1945.

---

See, also, 141 F.2d 811.

Frank Tesciona, pro se.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from a judgment of the United States Court for Kansas denying the petition of Frank Tesciona for a writ of habeas corpus to procure his release from further imprisonment in the federal penitentiary at Leavenworth, Kan. An indictment containing ten counts was returned against Tesciona and others in the United States Court for Southern California. The first count charged that the defendants robbed a railway mail clerk, a mail truck driver, and a post office guard of six pouches of mail, and that in effecting the robbery the defendants placed in jeopardy the lives of the post office employees by pointing shotguns and pistols at them. The eighth count charged that the defendants abstracted and removed from a mail bag a registered letter containing currency of the United States. The ninth count charged that the defendants abstracted and removed from a different mail bag a registered letter containing bonds. And the tenth count charged that the defendants took a mail pouch from a mail truck, conveyed it away, and appropriated it to their own use. The defendant Tesciona was found guilty on these four counts and was sentenced on the first to a term of twenty-five years in the penitentiary; on the eighth to a term of three years to begin at the expiration of the sentence imposed under the first count; on the ninth to a term of three years to begin at the expiration of the sentence imposed under the eighth count; and on the tenth to a term of one year to run concurrently with the sentence imposed under the first count; making thirty-one years in all. The other counts were dismissed. With deductions of statutory time for good behavior, the sentence imposed under the first count has been served, and the sentence imposed under the tenth count has long since been served in full. Appellant is now being imprisoned under the sentence imposed on the eighth count, and when it is completed he will be held under the sentence imposed on the ninth count.

By section 197 of the Criminal Code, 18 U.S.C.A. § 320, it is made a penal offense to rob the mail. And the statute provides that if in effecting or attempting to effect the robbery, the person having custody of the mail is wounded or his life is put in jeopardy by the use of a dangerous weapon, the punishment shall be imprisonment of twenty-five years. The first count in the indictment was drawn under that statute. By section 194, 18 U.S.C.A. § 317, it is made a penal offense to abstract any mail from a post office, a station thereof, or other authorized depository for mail matter. The

eighth and ninth counts were drawn under that statute. By section 190, 18 U.S.C.A. § 313, it is made a penal offense to appropriate to one's own use any mail bag or other property in use by or belonging to the Post Office Department or to convey away such property to the hindrance or detriment of the public service. The tenth count was drawn under that section.

It is the contention of appellant that the offense charged in the first count of the indictment embraced and included the offenses charged in the eighth and ninth counts; and that having served in full the punishment imposed under the first count, he cannot be further imprisoned upon the sentences imposed under the eighth and ninth counts. The Fifth Amendment forbids double punishment for a single offense but it does not stay the hand of Congress to make punishable each step leading to the consummation of a transaction which it has power to punish and to punish also the completed transaction. Albrecht v. United States, 273 U.S. 1, 47 S. Ct. 250, 71 L.Ed. 505; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, certiorari denied 308 U.S. 549, 60 S.Ct. 79, 84 L.Ed. 462; Carpenter v. Hudspeth, 10 Cir., 112 F.2d 126, certiorari denied 311 U.S. 682, 61 S.Ct. 62, 85 L.Ed. 440. And the recognized test reiterated in numerous cases for determining whether two or more counts in an indictment charge separate offenses or only one is whether each count requires proof of a fact or element not required by the other. If so, the offenses charged are not identical. Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Reger v. Hudspeth, supra; Mills v. Aderhold, 10 Cir., 110 F.2d 765; Hunt v. Hudspeth, 10 Cir., 111 F.2d 42; Carpenter v. Hudspeth, supra; Gilmore v. United States, 10 Cir., 124 F.2d 537, certiorari denied 316 U.S. 661, 62 S.Ct. 941, 86 L.Ed. 1738.

So far as it appears from the face of the indictment under consideration, it is clear that conviction on the first count would have been warranted by proof of the robbery in the manner charged, without more. That would have been quite enough without any evidence whatever in respect of the abstraction of mail from the bags or pouches. And proof of the abstraction of mail from the respective bags or pouches would have been sufficient to warrant conviction under the eighth and ninth counts without evidence affirmatively establishing the robbery. Manifestly the offenses charged in the first and eighth and ninth counts were not identical. Schultz v. Hudspeth, 10 Cir., 123 F.2d 729, certiorari denied 317 U.S. 682, 63 S.Ct. 198, 87 L.Ed. 547; Kerr v. Johnston, 9 Cir., 130 F.2d 637, certiorari denied 317 U.S. 696, 63 S.Ct. 437, 87 L.Ed. 557.

It appears upon the face of the indictment that the two bags or pouches from which it was charged in the eighth and ninth counts respectively that separate mail matter was abstracted were among the six bags or pouches charged in the first count to have been taken from the postal employees in the robbery. But the robbery and the abstraction constituted separate offenses. Schultz v. Hudspeth, supra; Kerr v. Johnston, supra. And likewise the abstraction from each bag or pouch was a completed offense, separate and distinct from the other. Ebeling v. Morgan, supra; McKee v. Johnston, 9 Cir., 109 F.2d 273, certiorari denied 309 U.S. 664, 60 S.Ct. 592, 84 L.Ed. 1011; McKee v. Johnston, 9 Cir., 125 F.2d 282.

It is argued that the robbery and abstractions all took place at the same time and constituted a single transaction. The time laid in the several counts was the same, and each charged that the offense was committed in Los Angeles, Cal. But the offenses may have occurred at different times and at separate places within the city. The robbery may have been committed at one place, the bags or pouches removed to another, and the mail matter abstracted there. The question whether the several offenses charged in the three counts occurred at the same time and constituted a single transaction is not open to inquiry in this proceeding. It must be conclusively presumed here that proof was adduced at the trial of the criminal case to support the separate offenses as charged in the different counts of the indictment. Reger v. Hudspeth, supra; Rosenhoover v. Hudspeth, 10 Cir., 112 F.2d 667.

Affirmed.