## HENSLEY v. UNITED STATES.

### No. 13342.

Circuit Court of Appeals, Eighth Circuit.
July 17, 1946.

Jack Hensley, pro se.

Sam Rorex, U. S. Atty., and W. H. Gregory, Asst. U. S. Atty., both of Little Rock, Ark., for appellee.

Before GARDNER and THOMAS, Circuit Judges, and DUNCAN, District Judge.

THOMAS, Circuit Judge.

This is an appeal from an order of the district court denying appellant's petition to correct and set aside a judgment and prison sentence of 25 years.

The appellant contends (1) that he was twice put in jeopardy for the same offense and (2) that the judgment is void for want of jurisdiction.

In any event appellant's first contention is without merit, for "The erroneous imposition of two sentences for a single offense does not constitute double jeopardy." White v. Pescor, Warden, 8 Cir., 155 F.2d 902, 904. We proceed, therefore, to consider the alleged want of jurisdiction.

On October 1, 1934, appellant entered pleas of guilty to two indictments numbered 2106 and 2107 respectively.

Indictment No. 2106 was in two counts. Count One charged that on October 1, 1933, appellant and another broke into and entered a building used in part as a post office at Keeville, Arkansas, with intent to commit larceny in that part of the build-ing used as a post office in violation of § 192 of the Criminal Code, 18 U.S.C.A. § 315. Count Two charged that on October 1, 1933, the same parties, having broken into and entered said post office, stole and purloined postal funds in the sum of $27.89 in violation of § 190 of the Criminal Code, 18 U.S.C.A. § 313. Upon appellant's plea of guilty to both counts the court imposed a sentence of 10 years "to run concurrently with case No. 2107."

Indictment No. 2107 was in one count. It charged that on October 1, 1933, appellant and another assaulted Lillie A. Traylor, postmaster at Keeville, Arkansas, who was then in charge and custody of all mail matter in the post office, "with the intent * * then and there to rob and steal said mail matter and in attempting to effect such robbery they * * * did then and there, by the use of dangerous weapons, to-wit: a rifle and a revolver, put in jeopardy the life of the said Mrs. Lillie A. Traylor," in violation of § 197 of the Criminal Code, 18 U.S.C.A. § 320. As required by the statute, the sentence under indictment No. 2107 was for a term of 25 years in prison.

The maximum penalty for violation of § 313 is a fine of $200 and a prison term of three years, or both; and for violation of § 315 the maximum penalty is a fine of $1,000 and not more than five years in prison. Therefore, a lawful sentence of not more than eight years could have been imposed under indictment No. 2106, whereas the court imposed a sentence of 10 years. "But," says appellant in his brief, "appellant is not complaining of this discrepancy as he has more than ten years served." Furthermore, since the sentence under No. 2106 was made to run concurrently with the sentence under No. 2107, appellant is not prejudiced, provided the latter sentence is not void. Smith v. United States, 57 App.D.C. 71, 17 F.2d 723; Dillon v. United States, 8 Cir., 113 F.2d 334.

The gist of appellant's contentions is that the three offenses charged in the two indictments relate to only one transaction which occurred on October 1, 1933, at the post office in Keeville, Arkansas; that the consummated crime charged in No. 2106, namely, the stealing of $27.89, includes all

the acts and conduct of appellant committed at that time and place; that there could have been no intent to take, or rob the post office of, "mail matter," as charged in indictment No. 2107; and that "the intent to do a certain act can be determined only by the consummation of the completed offense, and the intent cannot be carried beyond the act committed, to charge something in addition to the consummated act." On this naive reasoning he bases his claim of want of jurisdiction to impose sentence under indictment No. 2107 which charged violation of § 320.

Section 320 prior to the amendment of August 26, 1935, c. 694, 49 Stat. 867, reads:

"Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof * * * shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

To constitute an offense under this section of the statute it was not necessary that any robbery be actually committed. Blackwood v. United States, 8 Cir., 138 F.2d 461, 463; Montgomery v. Johnston, 9 Cir., 111 F.2d 327. The offense charged in indictment No. 2106 is not the same offense as the one charged in No. 2107. Under the first appellant was charged with larceny of money, $27.89, from a post office. Under the second he was charged with assault with intent to rob and steal "mail matter" (not money) by putting the postmaster's "life in jeopardy by use of a dangerous weapon." The law is that where two distinct offenses as defined by statutes are charged, the fact that both charges grew out of one transaction does not make a single offense, if different evidence is required to sustain them. Touhy v. Cox, 8 Cir., 145 F.2d 107, 109; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. In the instant case it is clear that the offenses charged in the two indictments are different; that the statutes are different; and that different evidence is required to sustain the charges. Section 313 denounces stealing a "mail bag or other property in use by or belonging to the Post Office Department." Section 320 denounces an assault on any custodian of mail matter "with intent to rob, steal or purloin such mail matter." The intent to commit the offenses charged in No. 2106 does not include an intent to commit the offense charged in No. 2107. It follows that the order and judgment appealed from must be, and it is, affirmed.